UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
    CARNELL, AND SONYA SANDERS,

                  Debtors,
_____/

Case No. 06-56754  
Chapter 13  
Honorable Walter Shapero

## OPINION GRANTING CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Creditor, Community Central Bank, has brought this motion before the Court for relief from the Automatic Stay with respect to a 2002 Larson Cabin Cruiser.

### I. Facts

Carnell and Sonya Sanders, the Debtors, own a 2002 Larson Cabin Cruiser, Hull number LAR653546102 ("Boat"). The Creditor, Community Central Bank, has a perfected security interest in the Boat. The present value of the Boat is $80,000.00, and Debtor concedes he has no equity in it.

Debtor lives in a suburb of Detroit and has three children ages 14, 17, and 19, each of whom live at home. His filed schedules show that in addition to his home, he co-owns jointly with his wife some 10 parcels of rental property located in the city of Detroit. The mortgages on each of which are such as admit of little or no equity. The testimony indicates that he is a real estate salesman and also provides home inspection services. Schedule I states that of the total monthly family income of $15,660, $13,221 is his, and of that $10,578 comes from rentals on the indicated properties and the rest from his sales, inspection, and related income. The remainder consists of disability payments to his wife. In July of 2004, she suffered a brain aneurism or stroke and with the exception of a few

1

months since she has been being cared for at an extended care facility and is described as being quadriplegic requiring continuing assistance, though she is fully cognitive and communicative. They hope future surgery can improve her situation.

The Debtor purchased the Boat in the spring of 2004. It is kept at a marina on the Detroit River and he does not use it for any business related purpose. While it had somewhat limited use in 2004 because of his wife's medical situation, Debtor testified that he, his children, and their friends use the craft consistently on weekends, sometimes overnight during the boating season. Debtors' filed plan shows he intends to keep the Boat and continue making the payments on it at the level called for by the security interest documents. Debtors' plan also contemplates retention of most if not all of the rental properties, and, over the 60 month period of the plan, paying the unsecured creditors (totaling some $72,000, most of whom are credit card creditors) 100% on their claims. There are a number of filed objections to the plan, including some from mortgage holders who assert the plan understates the amounts due them, and the trustee whose objection, among others, is that the Boat is not reasonably necessary for the maintenance and support of the Debtor and dependants, as is required by § 1325(b).

## II. Discussion

Section 362 provides for relief from the automatic stay with respect to a specific piece of property if the debtor does not have equity in the property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2). The granting of relief under § 362(d) is not discretionary, as it provides that "[o]n request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay. . . ." 11 U.S.C. § 362(d) (emphasis added). Under § 362(g), the debtor bears the burden of showing that the property is necessary for an effective reorganization.

An effective reorganization plan must be reasonably feasible in a reasonable amount of time. *Cook v. Society Bank (In re Cook)*, 940 F.2d 659 (6th Cir. 1991). Reasonably feasible means likely confirmable. *In re Bowman*, 253 B.R. 233, 238-9 (8th Cir. BAP 2000).

In a chapter 13 rehabilitation context, the determination of what is "necessary" to an "effective" reorganization has primarily to do with the role of the property in the production of the income necessary to fund the plan on a going forward basis. Where an item, like the Boat, is not used for business, is in the seasonal "luxury" category, is a relatively recent addition to the family's circumstances, and, bears materially negatively on the Debtors' ability to fund, even a 100% plan, particularly when considered in light of other facts relative to the Debtors' other sources of income, its "necessity" is called into question. If something does not itself or directly measurably add to or enhance the debtor's ability to fund a plan, and/or, to pay for what is reasonably necessary to provide for the necessities of every day life, and, where the situation can be said to be one where its ongoing cost is such, that given the Debtors' main sources of income necessary to fund the plan are somewhat less than assured, the possibility of an "effective" reorganization is even more problematic.

In the opposing motion, the Debtors argue the Boat is a source of cohesiveness and center of the family's activity, accentuated by the wife's condition even though she herself would not be spending any material time on the Boat. Debtor argues that it is important that the family be supportive of, and sensitive to her attempts to achieve and maintain her physical and mental well being, including the possibility or hope of her being able to also participate in boating activities in the future. Those feelings are real, laudable and no doubt sincerely felt. However, in this Court's view, such an essentially psychological benefit to a chapter 13 debtor's well being does not necessarily equate to the property that provides it being "necessary" to a reorganization. The relationship is too

3

tenuous and unquantifiable to be such, particularly given the usual definition of "necessary" as encompassing something that is essential or possibly without a substitute.

The ongoing ability to obtain recreation and relief from every day living and working pressures can be said to be important and even necessary, at least in a broad but not necessarily a strict financial sense. As such, there are, however, more reasonable and/or alternative ways of doing so, than maintaining this Boat - an asset which is best described as a recreational outlet and a luxury that the Debtors would like but do not "need." The largely immeasurable, and intangible benefits of its continued ownership and its tenuous relationship to the production of Debtors' income in the recited circumstances, make its "necessity" more theoretical than real. While it is likely that a happy and well rested man might be a more productive one, there are ways, short of what is being argued for here, that can produce a result sufficiently satisfactory to accommodate and reconcile both such and the bankruptcy concept of being appropriately fair to creditors.

Two cases, cited by the Creditor, have dealt directly with whether a boat is necessary for an effective organization: *In re Walters*, 188 B.R. 582 (Bankr. E.D. Ark. 1995) and *In re Patti*, 1999 WL 223505 (Bankr. E.D. Penn. April 15, 1999). In *Walters*, the debtor claimed that the boat was modest and provided him for some recreational outlet, but the court felt otherwise and granted relief from the stay, saying

> This Court has held in the past that a boat, motor, and trailer were not necessary for reorganizational purposes in a Chapter 13 case. *See In re Lewis*, Ch. 13 Case No. 90-15246 (Bankr.W.D.Ark. November 26, 1990). [sic] In *In re Lewis*, this Court held that because the boat, motor, and trailer were luxury items which did not produce income for the debtor, the property was not necessary for the effective reorganization of the debtor. In *In re Cockings*, 172 B.R. 257 (Bankr.E.D.Ark.1994), the Court held that the debtor's contention that a recreational vehicle which did not assist toward repayment of

4

creditors was necessary for an effective reorganization was not a valid argument.

*In re Walters*, 188 B.R. at 586. In *Patti*, the debtor argued that he used his boat to entertain business clients of his sportswear company. *In re Patti*, 1999 WL 22305 at *1 (Bankr. E.D.Pa. 1999). The court found any connection to the debtor's business enterprise and the boat entertainment to be purely speculative. *Id.* at *4.

Adding the facts we are dealing with an $80,000 Boat, payments on which are some $600 per month (exclusive of costs of insurance, maintenance and storage), in the context of the prime sources of Debtors' income being heavily dependent on sales of realty and rentals of highly leveraged real estate (currently soft spots in the local economy), requires the conclusion that Debtor has failed to bear his burden of proof that the Boat is necessary for an effective chapter 13 rehabilitation.

### III. Conclusion

Accordingly, Community Central Bank's request to lift the automatic stay is granted. Community Central Bank's request to waive FRBP 4001(a)(3) is denied. The moving party shall present an appropriate order.

**Signed on July 13, 2007**

                                                           **/s/ Walter Shapero**
                                                 **Walter Shapero**
                                                 **United States Bankruptcy Judge**