United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:

SANDERS, CARNELL,
SANDERS, SONYA RENEE,

    Debtors.

_____/

Case No. 06-56754-wsd

Chapter 13

Hon. Walter Shapero

## OPINION DENYING DEBTORS' COUNSEL'S APPLICATION FOR COMPENSATION

Before the Court is the Application for Compensation of Debtors' counsel, Robert D. Stein. In his application, Stein requests fees of $10,015.00 and expenses of $175.90. (*See* Dkt. # 126). For the reasons below, Stein's application is denied.

*I.*

Debtors Carnell and Sonya Sanders filed a voluntary chapter 13 petition on November 14, 2006. When the petition was filed, 11 U.S.C. § 109(e) provided that: "Only an individual with regular income that owes, on the date of the filing of the petition … noncontingent, liquidated, secured debts of less than $ 922,975 … may be a debtor under chapter 13 of this title." The schedules were filed on November 30, 2006, and listed secured claims totaling $1,136,936.68. Thus, the Debtors were ineligible for relief under chapter 13.

The Debtors' case was ultimately dismissed on September 24, 2007 for pre-confirmation payment delinquencies.[1] On September 26, 2007, two days after the case was dismissed, Stein filed the instant fee application. The application covers the time period between October 23, 2006, and August 14, 2007. It requests a fee of $10,015.00 and expenses of $175.90. The Chapter 13 Trustee filed an objection to the fee application. (*See* Dkt. # 128). An evidentiary

---

[1] Pending at the time of dismissal was Trustee's motion to dismiss for failure to meet eligibility requirements filed August 6, 2007 (Dkt. # 107), to which Debtor filed a brief in response on September 23, 2007, (Dkt. # 123).

-1-

hearing was held on April 23, 2008, following which the Court asked for and received certain supplemental submissions.

## II.

Section 330 of the Bankruptcy Code provides that after notice and hearing, a court may award an attorney "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). As a threshold matter, before the reasonableness of any requested compensation is examined, the underlying services must be found to be "necessary," i.e., a benefit to the bankruptcy estate. *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters.)*, 997 F.2d 1321, 1323 (10th Cir. 1993) ("[T]he beneficial nature of legal services must be determined before a reasonableness inquiry may even be conducted…"). It is the burden of the attorney requesting compensation to demonstrate that his or her services were beneficial to the estate. *In re Allied Computer Repair*, 202 B.R. 877, 886 (Bankr. W.D. Ky. 1996) ("[T]he basic test of recovery requires the applicant to demonstrate that his or her services made a beneficial contribution to the estate or to the creditors."). "Bankruptcy attorneys are not entitled to compensation merely because time recorded was actually expended. Billable hours do not necessarily translate into compensable hours." *In re New Boston Coke Corp.*, 299 B.R. 432, 447 (Bankr. E.D. Mich. 2003).

## III.

In this matter, the Court is unable to find that Stein's services were necessary or of benefit to the estate, creditors, or debtors, primarily because of Debtors' ineligibility for chapter 13 relief at the time this case was filed.

During the evidentiary hearing, the Court inquired of Stein as to why he filed a chapter 13 case for the Debtors when their debt exceeded the eligibility requirements of § 109(e). Stein represented to the Court that the case was filed as an "emergency," that he didn't know or have

the opportunity to learn of the precise amount of debt involved.[2]  The time records attached to the fee application tell a different tale, however.

Quite aside from the question of whether it is appropriate to file a case in a situation where eligibility is readily ascertainable but there is allegedly insufficient time to investigate the material facts prior to some adverse consequence befalling the debtor; a filing is surely questionable where the lack of time (which some might term an "emergency") arises by either a debtor waking up to his predicament at the eleventh hour before seeking counsel, or counsel, having been initially consulted with sufficient time to determine the jurisdictional facts, nevertheless fails to do so.  The Court views the instant case as one falling in the latter category, which means it should not have been filed as a chapter 13 case in the first place.

Stein first met with the Debtors on October 23, 2006.  Among other time entries in the three weeks leading up to the petition filing, Stein lists 0.9 hours on November 1, 2006, for preparation of the Schedules.  The voluntary petition was not filed until two weeks later on November 14, 2006 and the schedules were not filed until November 30, 2006.  While the Court is cognizant of the fact that different people might have different perceptions as to what constitutes an "emergency," there was clearly not an emergency here in the sense that Stein lacked an adequate period of time to investigate the details of the case, and eligibility in particular, prior to filing.

Since eligibility under § 109(e) was clearly lacking at the time this case was filed, and the fact of ineligibility was readily ascertainable, the Court is unable to conclude that any of Stein's efforts, even if undertaken in good faith, conferred the necessary benefit to the estate, creditors, or the debtors.  While some of Stein's efforts may have been of short-term practical benefit to Debtors in the sense that they enjoyed the protection of a stay, the services were of no real or long-term benefit because Debtors were ineligible for chapter 13 and therefore unable to achieve the desired aim, a repayment plan and "fresh start."

The applicable provisions of the Bankruptcy Code and case law interpreting such, as well as the interests of the bankruptcy system and public policy considerations, require that all

---

[2] During the evidentiary hearing, Stein again repeated a justification asserted in an earlier pleading:  that he had no reason to expect the secured debt limitations might be an issue since the Debtors' ten rental properties were located in the City of Detroit.  Just why or how the location of the mortgaged property might bear on the issue is a mystery.

compensation be denied in this case.[1] The key fact leading to this conclusion is that Stein had a sufficient amount of time to investigate the jurisdictional issue. Had he done so, and acted accordance with the appropriate professional responsibility standards, he would have never filed a chapter 13 case, and instead should have investigated other possibilities if his client was amenable to such. From the circumstances in this situation, the conclusion logically flows that Stein should not be compensated. Counsel proceed at their own risk if they fail to deal with the question of eligibility prior to a filing, particularly when, as here, the circumstances are such as permit them to do so.

Accordingly, the fee application is denied in its entirety. The Chapter 13 Trustee shall submit an order consistent with this Opinion.

**Signed on August 26, 2008**

                            **/s/ Walter Shapero**
                            **Walter Shapero**
                            **United States Bankruptcy Judge**

---

[1] Arguably, counsel in a similar situation might be entitled to compensation for pre-filing work, particularly collecting and evaluating the necessary facts and conducting sufficient research to conclude whether or not the case should be filed as a chapter 13 in the first place. The Court might consider such here, if the applicant's time records indicated that he at least recognized the existence of the eligibility issue and conducted appropriate research and investigation. The time records did not reveal such, however, and the facts indicate that the issue was initially brought to the fore and first fully appreciated by Debtors' counsel upon the filing of Trustee's dismissal motion, some ten months after the case was started and counsel had spent substantial time on other matters.